MELVILLE, GDN., APPELLANT, *v*. THE GREYHOUND CORP. ET AL., APPELLEES.

(No. 7893—Decided November 29, 1954.)

*Mr. James C. Utrecht* and *Mr. Roy L. Struble,* for appellant.

*Messrs. Long & Bloom,* for appellee The Greyhound Corporation.

*Per Curiam.* This is an action for damages as compensation for personal injuries received by Josselyn Farmer, an incompetent, against The Greyhound Corporation and Paul A.

Briol. The basis of the claim against The Greyhound Corporation was that it had been negligent in the operation of its bus; and the basis of her claim against Briol was that he had been guilty of willful and wanton misconduct in the operation of his Hudson automobile in which she was a passenger; and that the negligence of the one and the misconduct of the other concurred to directly cause a collision of the two vehicles, resulting in the plaintiff receiving the injuries complained of.

On motion of the defendant Briol, made at the close of the plaintiff's evidence, the case was withdrawn from the jury as to him, and he was dismissed without day. The trial proceeded against the defendant The Greyhound Corporation and resulted in a verdict for The Greyhound Corporation. The plaintiff's motion to set aside the verdict and for a new trial was overruled and judgment was entered on the verdict for The Greyhound Corporation. This appeal is from that judgment. No appeal was taken from the dismissal of defendant Briol.

Various errors are assigned for the reversal of the judgment.

(1) It is urged that the court erred in admitting in evidence a statement by the operator of the Greyhound bus. This statement was made immediately after the collision and while the passengers were being assisted out of the overturned bus by the operator. The statement was: "God being my judge, I could not have gotten out of the way. The Hudson car ran right in front of me." This statement was made before the operator had time to reflect and it seems to us that it was a spontaneous statement reflecting color upon an incident of which it was a part, and, therefore, comes within the exception to the hearsay rule known as the *res gestae*. It was a part of the whole incident and was not a mere narration of a past transaction.          ,

The operator of the bus testified fully and to the same effect—that Briol's automobile entered the lawful lane of travel of the bus so close that he had no opportunity whatever to avoid it. If believed, it would justify the conclusion he expressed. Assuming that the statement was not a part of the *res gestae*, and, therefore, incompetent, we are of the opinion that its admission was not so prejudicial as to justify the reversal of the judgment on that ground.

(2) Counsel also urge as error the use on cross-examination of written statements made by witnesses. We see no reversible error in this.

(3) Defendant offered evidence that this particular bus was equipped with a governor which limited its speed to not more than 58 miles per hour, and that it was in good order and operating at the time. The plaintiff, in an effort to rebut this, offered to prove that buses of defendant on this route frequently exceeded 58 miles per hour. The court sustained an objection to this offer, and this is assigned as error.

We are of the opinion that the court did not err in sustaining this objection. The evidence was irrelevant.

(4) Upon sustaining Briol's motion for dismissal of the action as to him, the court made a statement to the jury explaining the reasons for its action. The statement was rather lengthy, and in the course of it the court said, after reading the guest statute: "Now you say, why is such a thing; it is because it was found there were too many cases of collusion between an operator of a vehicle and his guest in order to induce payment from insurance companies." It is claimed that the court thereby "by innuendo taints plaintiff's claim with fraud."

We need not stop to consider whether the court properly interpreted the motive of the General Assembly. The whole statement of the court related to the plaintiff's claim, as a passenger, against Briol. It had nothing to do with the plaintiff's claim against The Greyhound Corporation. Furthermore, there was no suggestion that there was collusion between Briol and Josselyn Farmer against any insurance company. There could not have been any such intimation. Josselyn Farmer was an incompetent and did not testify. We find no prejudicial error in the court's remarks.

(5) Next, it is urged that the court erred in giving certain special charges. We are of the opinion that charges Nos. 4 and 5 objected to by appellant are correct statements of the law. In special charge No. 7, the court quoted Sections 6307-29, 6307-30(a)3, 6307-35 (b), 6307-38(a), and 6307-41, General Code, followed by the statement that "I further charge you that if you find by a preponderance of the evidence that Paul Briol, the driver of the car in which the plaintiff was riding, violated one

or more of these sections, he was guilty of negligence," and then instructed the jury that if Paul Briol's negligence was the sole cause of the collision the plaintiff could not recover.

It is urged that the court was not justified in charging that violation of some of the rules laid down in the quoted sections would be negligence as a matter of law. There is no doubt that the violation of some of them would be negligence as a matter of law.

The evidence in this case shows that Briol was traveling southwardly on route 42 in a line of traffic, and that he suddenly left that lane and turned into the lane of travel of the Greyhound bus. In doing so, he violated various provisions of the traffic code, and the plaintiff in her pleadings charged him with willful and wanton misconduct in doing so. However, the court found against the plaintiff as to her claim that Briol was guilty of willful and wanton misconduct. It did not hold against her as to his negligence. In the plaintiff's brief the assertion of Briol's negligence is repeated. There was no dispute about it and the court would have been justified in so charging. The only issue on this phase of the case was whether Briol was the sole cause of the collision. It did not matter whether his action was negligent or otherwise, if it was the sole cause of the collision. However, it would be hard to conceive of it as otherwise than negligent if it was the sole cause. And the plaintiff by special charges requested the court to submit the issue to the jury in that way, and, of course, cannot now complain because the court complied.

We find no prejudicial error against the plaintiff in leaving it to the jury to determine whether Briol's conduct was negligent. The error was against The Greyhound Corporation.

We have examined the other assignments, but find no error prejudicial to the plaintiff.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., Ross and HILDEBRANT, JJ., concur.